BENJAMIN COWELL ET UX. ET AL. *v.* CHARLES LIPPITT ET UX.

Courts of Equity have jurisdiction over a defendant in a suit for partition, who has purchased the property in question at a sale under a decreee, to compel payment of the purchase money.

Until the party shall have failed to conform to a special order to pay, the Court will not issue compulsory process against his person or property.

The decision in *Stimson* v. *Mead* (2 R. I. 541.) affirmed.


IN EQUITY.—In conformity with a decree in this cause, a sale had been made by a master, of the mill property and water privilege, for a partition of which the suit was instituted, and of which the four complainants were respectively owners of one-fifth each, and Martha B. Lippitt, the co-defendant of her husband, was the owner of the remaining fifth. At the sale, the said Charles Lippitt was the purchaser; but by the master's report it was shown that he refused to pay the purchase money, pursuant to the conditions of sale. This report, in which all the facts connected with the sale, the tender of a deed and the defendant's refusal to pay, were fully set forth, having been received and established, the said Lippitt, on motion of the complainants, was cited to appear on a day named, to show cause why an order to pay into the registry the said purchase money should not be passed. On the return day of the notice, the com-

Benjamiɴ Cowell et ux. et al. *v.* Charles Lippitt et ux.

plainants, maintaining that said Charles had suggested no valid reason for his refusal to fulfil the conditions of sale, moved that execution at once issue against him in common form for the complainants' four-fifths of the said purchase money, contending that his non-compliance with the conditions of sale, rendered him liable to attachment for a contempt, and that their motion suggested the mildest punishment therefor, which the Court could inflict. As bearing upon the power and practice of the Court, *Stimson* v. *Mead* (2 R. I. 541,) and the authorities there quoted, were cited.

*Bradley* for complainants.

*Ames* for the defendant, contended that until an order to pay the purchase money had been passed, and that order been disobeyed, the defendant could not be regarded by the Court as in contempt.

THE COURT, recognizing and affirming the ruling in *Stimson* v. *Mead*, in comformity with it, directed that an order be entered that the defendant Lippitt, within thirty days, pay to the master the purchase money of the property, with interest; the complainants at the expiration of that period to move as they should be advised, in case the order was not obeyed.